# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50348 | **DATE** | 2/24/2004 |
| **CASE TITLE** | ANR PIPELINE COMPANY vs. ACRES OF LAND | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion for possession for construction is granted.

*/s/ Philip G. Reinhard*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 2 4 2004 | |
| | Notified counsel by telephone. | | date docketed | 63 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | 2-24-03 date mailed notice / mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, ANR Pipeline Co., filed this action for condemnation of certain easements for the construction of a natural gas pipeline pursuant to a Certificate of Public Convenience and Necessity ("CPCN") issued by the Federal Energy Regulatory Commission ("FERC") under the Natural Gas Act, 15 U.S.C. § 717 et seq. The court confirmed plaintiff's authority to condemn these easements and referred the matter to a commission for just compensation determinations. See Fed. R. Civ. P. 71A. Plaintiff moves for possession for construction asserting that it has been ordered by FERC to have the pipeline in service by November 4, 2004, and must begin final surveys by March 1, 2004 and construction by April 1, 2004. Richard Kirchner and Diane Kirchner, owners of some of the land being condemned, oppose the motion for possession asserting violation of the Constitution's Fifth Amendment takings provision and inadequacy of the bond to be posted. These objections are meritless.

The Fifth Amendment bars takings without just compensation. The court has already confirmed the authority to condemn this property and a commission has been appointed to determine just compensation. There is no requirement that the compensation be paid before possession is taken only that a reasonable and adequate provision for obtaining compensation after the taking exists. See Cherokee Nation v. Southern Kansas Ry. Co., 135 U.S. 641, 659 (1890); Estate of Himelstein v. City of Fort Wayne, 898 F.2d 573, 576 (7th Cir. 1990). The commission satisfies that requirement.

The Kirchners also claim the bond offered by plaintiff is inadequate. They attach to their response a letter purporting to value certain trees on their property at $109,020.00 and assert that the proposed bond of $90,000 for all the properties condemned is too small. The declarations of Kevin Zarem and Gary Charette supplied by plaintiff support the bond offered by plaintiff based on the preliminary work done for the appraisals. These declarations support a valuation of 25% of fee value for the permanent easement and a $700 per acre rental rate for the temporary easements. Kirchner's have not presented any declarations or other evidence to refute this calculation method. They only submit unsworn exhibits indicating their property is in a conservation district and an opinion on the value of certain trees. At this stage, the plaintiff's evidence is sufficient to support the bond offered. The Kirchner's have not challenged plaintiff's claim that it has no adequate remedy at law, that it will be irreparably harmed if it does not obtain possession now, that it has some likelihood of success on the merits, that the balance of harms favors plaintiff and that the public interest favors immediate possession.

Plaintiff's motion for possession for construction is granted.